IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN, DEPARTMENT OF
WORKFORCE DEVELOPMENT, DIVISION OF
VOCATIONAL REHABILITATION,

                Petitioner,

v.

UNITED STATES DEPARTMENT OF
EDUCATION, BETSY DeVOS, and THERESA
TAYLOR,

                Respondents.

OPINION & ORDER

18-cv-220-jdp

---

The Randolph-Sheppard Act, 20 U.S.C. § 107 *et seq.*, ensures that states prioritize individuals who are blind in selecting operators of vending facilities located in government buildings, and it requires the secretary of the United States Department of Education (DOE) to convene an arbitration panel to hear disputes concerning state selection of vending facility operators. Earlier this year, the DOE issued an arbitration decision concluding that the Wisconsin Department of Workforce Development (DWD) violated the Randolph-Sheppard Act when it failed to select Theresa Taylor as the permanent operator of vending facilities in three state government buildings. A few months later, the DWD filed a petition in this court for judicial review of the DOE's decision under the Administrative Procedure Act. Dkt. 1.

The issue now before the court is where this case should be litigated. Taylor contends that venue is proper only in the Eastern District of Wisconsin. She moves the court to dismiss the petition for improper venue under Federal Rule of Civil Procedure 12(b)(3) or to transfer the case to the Eastern District under 28 U.S.C. § 1404. Dkt. 5. The court will deny her motion.

ALLEGATIONS OF FACT

The court draws the following facts from the petition, Dkt. 1, and the parties' affidavits, accepting the DWD's allegations as true unless they are contradicted by affidavits and resolving all factual disputes and drawing all reasonable inferences in the DWD's favor. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806, 809–10 (7th Cir. 2011).

The DWD is responsible for selecting individuals who are blind to operate vending facilities—cafeterias, vending machines, and the like—in government buildings in Wisconsin, in accordance with the Randolph-Sheppard Act. The DWD's headquarters are in Madison, Wisconsin.

Taylor lives in Racine County, Wisconsin. She is blind. She has been an operator of several vending facilities in Wisconsin state government buildings, including the three buildings at issue in this suit: Racine Correctional Institution, the Sturtevant Transitional Facility, and the Racine Youthful Offender Correctional Facility, all of which are located in Racine County.

In 2011, after having been the interim vending operator for the three Racine facilities for several years, Taylor was notified that the DWD would begin a competitive process to select a permanent operator for the Racine facilities. After a drawn-out process, the DWD selected another applicant as the permanent operator. Taylor filed a complaint with the DOE. Betsy DeVos, the secretary of the DOE, convened an arbitration panel to hear the dispute. The arbitration was held in September 2017 in Madison, Wisconsin. The panel concluded that the DWD acted in an arbitrary, capricious, and biased manner in violation of the Randolph-Sheppard Act when it failed to select Taylor as the permanent operator for the Racine facilities. It ordered the DWD to appoint Taylor as the permanent operator and awarded Taylor

compensatory damages and legal fees and costs. Under the RSA, the arbitration panel's decision is "subject to appeal and review as a final agency action for purposes of [the Administrative Procedures Act]." 20 U.S.C. § 107d-2(a).

In March 2018, the DWD filed this lawsuit, contending that the DOE arbitration panel's decision must be vacated because it was arbitrary and capricious, because it was unsupported by substantial evidence, and because the award of monetary damages against the DWD violated the Eleventh Amendment.

The court has subject matter jurisdiction over the DWD's petition under 28 U.S.C. § 1331 because the action arises under federal law.

ANALYSIS

Taylor contends that venue is improper in the Western District of Wisconsin, and so she has moved to dismiss or transfer the case to the Eastern District of Wisconsin where, she argues, the case is properly venued. Actions under the APA are governed by the federal officer venue provision, 28 U.S.C. § 1391(e).[1] *See Colley v. James*, 254 F. Supp. 3d 45, 70 (D.D.C. 2017); *Reilly v. United States*, 93 Fed. Cl. 643, 653 (Fed. Cl. 2010). The federal officer venue provision provides,

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which

---

[1] The APA allows for alternative venue rules to govern judicial review of certain agency actions, but no statute specifies a specific review procedure for DOE decisions, so the DWD may file its petition "in a court of competent jurisdiction." 5 U.S.C. § 703; *see also Boutte v. Spellings*, No. 07-cv-3233, 2009 WL 377716, at *4 n.4 (N.D. Ill. Feb. 11, 2009).

> (A) A defendant in the action resides,
>
> (B) A substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (C) The plaintiff resides if no real property is involved in the action.
>
> Additional persons may be joined as party to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

§ 1391(e)(1).

Here, real property is only tangentially involved in the DWD's suit, and so the DWD's claims against the DOE and DeVos are properly venued in the Western District, where the plaintiff resides. *See* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3815 & n.33 (4th ed. 2013).

But Taylor is not an officer or employee of the United States, and so we must look to the general venue provision, § 1391(b), which provides that a civil action is properly venued in

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The parties focus on paragraph (2), the transactional venue provision. This provision often allows for venue in multiple districts, as "there can be more than one district in which a

substantial part of the events giving rise to the claim occurred." Wright & Miller, *supra*, § 3806. Such is the case here: the three vending facilities at the root of this lawsuit are located in the Eastern District, whereas the arbitration proceedings that will be the focus of the court's review took place in the Western District. So the Western District is a proper venue and the court will not dismiss the suit for improper venue.

Taylor argues in the alternative that the court should transfer the suit to the Eastern District. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Porn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Taylor bears the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219. As discussed above, venue is proper in both the Western District and the Eastern District, so whether transfer is appropriate turns on convenience and the interest of justice.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. The parties agree that these factors are "not dispositive" in a suit for judicial review of an agency decision. Dkt. 6, at 9. The court's review of the DOE arbitration panel's decision will be confined to the record, so access by witnesses and the parties simply doesn't matter. Taylor argues that her convenience is especially important because she is blind and thus will have difficulty "travel[ing] to the Western District for a hearing." *Id.* The court is sympathetic to Taylor's challenges, but there's no indication that there will be a hearing in

this case; the court usually decides petitions for judicial review of an administrative record without a hearing. The remaining factor of the convenience inquiry, deference to the plaintiff's choice of forum, is more applicable here. "The plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). The DWD chose to file suit here in the Western District. As explained above, a substantial part of the events giving rise to the DWD's claims occurred in *each* forum, so neither forum has a stronger relationship to the dispute. Thus, the court will give the DWD's choice of forum substantial weight.

The interest-of-justice inquiry "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* Again, these factors don't weigh heavily in favor of either forum. The parties don't discuss judicial resources, aside from the DWD noting that the Western District handled a similar case some years ago—which on its own does not make the Western District more familiar with the relevant law than the Eastern District. Taylor simply reiterates her arguments under the convenience inquiry. Taylor has not met her burden of showing that the Eastern District is clearly more convenient, so I will deny her motion to transfer venue.

ORDER

IT IS ORDERED that respondent Theresa Taylor's motion to dismiss or transfer this case, Dkt. 5, is DENIED.

Entered June 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge