IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN DEPARTMENT
OF WORKFORCE DEVELOPMENT,
DIVISION OF VOCATIONAL
REHABILITATION,

                      Petitioner,

        v.

UNITED STATES DEPARTMENT OF
EDUCATION, BETSY DEVOS, IN HER
OFFICIAL CAPACITY AS SECRETARY
OF THE UNITED STATES
DEPARTMENT OF EDUCATION, AND
THERESA TYALOR,

                      Respondents.

Case No. 18-cv-220

**ANSWER OF THE UNITED STATES DEPARTMENT OF EDUCATION**

Respondents, Betsy DeVos, Secretary of the United States Department of Education, and the United States Department of Education ("USDOE"), by their attorneys, Scott C. Balder, United States Attorney for the Western District of Wisconsin, and Antonio M. Trillo, Assistant United States Attorney, hereby answer Petitioner State of Wisconsin Department of Workforce Development, Division of Vocational Rehabilitation's Complaint and Petition for Judicial Review as follows:

**JURISDICTION**

1.       This is an appeal of a final agency action rendered by an ad hoc arbitration panel convened by the Secretary of the USDOE, pursuant to 20 U.S.C. § 107d-1 and

107d-2, as provided by the Randolph Sheppard Act, 20 U.S.C. 107 *et seq.*

**Answer**: Defendant admits the allegations in this paragraph.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and the federal Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.*

**Answer**: Defendant admits the allegations in this paragraph.

3. DWD received the ad hoc arbitration panel decision from the USDOE on or about February 26, 2018.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## PARTIES

4. Respondent Betsy DeVos, as Secretary of the USDOE ("Secretary"), has the responsibility under 20 U.S.C. § 107d-1(a) to convene an ad hoc arbitration panel to arbitrate a dispute of any blind licensee who is dissatisfied with any final action taken or decision rendered by the state licensing agency under the Randolph Sheppard Act. Defendant USDOE has apparently taken a "final agency action for purposes of chapter 7 of [ ] Title 5," see 20 U.S.C. 107d-2, in the form of an ad hoc arbitration panel decision in *Theresa Taylor v. Wisconsin Department of Workforce Development*, Case No. R-S/12-01. The USDOE is an agency of the United States government and has an address at 400 Maryland Avenue, S.W., Washington, D.C. 20202.

**Answer**: The allegations in this paragraph represent Petitioner's characterization of the Randolph-Sheppard Act to which no response is required. Insofar as an answer is required, Defendant denies the allegations and refers the Court to the statute for a

complete and accurate statement of its contents. Defendant admits that the USDOE is an agency of the United States government and has an address at 400 Maryland Avenue, S.W., Washington, D.C. 20202.

5. Respondent Theresa Taylor, a resident of the State of Wisconsin, is the grievant participant in Wisconsin's Business Enterprise Program for blind vendors in *Theresa Taylor v. Wisconsin Department of Workforce Development*, Case No. R-S/07-10. Taylor is an interested and indispensable party in the instant action.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Theresa Taylor is a resident of the State of Wisconsin but admits the remaining allegations in this paragraph.

6. Petitioner State of Wisconsin Department of Workforce Development, Division of Vocational Rehabilitation ("DWD") is the State Licensing Agency ("SLA") responsible for the administration of the Randolph Sheppard Act in the State of Wisconsin, to license blind persons for the operation of vending facilities on federal and other property in the State of Wisconsin.

**Answer**: Defendant admits the allegations in this paragraph.

## FACTS

7. Taylor is a participant in Wisconsin's Business Enterprise Program (BEP) and currently operates the vending operations at the Southern Wisconsin Center sites.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. For approximately 4 years, Taylor was an interim operator for three

3

vending locations in Racine County--the Racine Correctional Institution ("Racine"), the Sturtevant Transitional Facility ("Sturtevant"), and the Racine Youthful Offender Correctional Facility ("Racine Youthful") (collectively the "Racine Sites").

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. In July of 2011, the DWD began the bidding process to appoint a permanent operator for each of the Racine Sites, using its permanent site selection process.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Through the competitive interview process, Taylor was selected on September 15, 2011, to be the permanent operator for Racine Youthful, an add-on site for the other sites Taylor operated.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. In August of 2011, the DWD advised Taylor that the Racine and Sturtevant facilities would be bid out as a combined, stand-alone site and the bid notices were issued on August 31, 2011.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Taylor and three others bid on the Racine/Sturtevant site. Interviews were held on October 5, 2011 and Taylor was not selected. Rather, another experienced

operator, Joelyn Belsha, was selected.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Taylor filed a grievance with the DWD due to her non-selection on October 20, 2011. Kim Pomeroy, the Division of Vocational Rehabilitation Section Chief and Business Enterprise Program Director, considered and ultimately denied Taylor's grievance on November 22, 2011.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Taylor appealed the decision on December 19, 2011, and the DWD convened an independent hearing panel.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. On May 8, 2012, the hearing was held before the independent hearing panel.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. On May 30, 2012, the panel issued a written recommendation finding that the DWD did not follow its process for selection and the panel recommended six actions to rectify the defect:

    a. Set aside the selection Belsha as the permanent operator of the site.

    b. Give all four candidates an opportunity to interview again, with a

completely different interview panel that would disregard the prior interviews and scores.

c. Prepare new interview questions and benchmarks.

d. Adhere to other items in the selection policy including accepting references and resumes offered by an applicant and consider information outside of the interview scores to determine which operator is best suited.

e. Require the interview panel to submit a written recommendation to the DWD with justification.

f. Select a candidate in accordance with that recommendation who is best suited regardless of the candidate's need or of the otherwise acceptable objective of evening out sites among operators.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. After considering the panel's recommendation the Division of Vocational Rehabilitation acting administrator, Michael Greco, issued the DWD's final order on June 12, 2012, accepting some and modifying some of the panel's recommendations.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. In the final order, Greco ordered:

a. The DVR Business Enterprise Program staff will conduct a new interview process to decide on the permanent operator for the Racine/Sturtevant facilities. Belsha will continue as the Racine/Sturtevant operator during the new selection process.

b. The same four candidates will be invited to interview with a new interview panel, composed in accordance with Business Enterprise Program policy and with no reference to the previous interviews and scores.

  c. The interviews will use new questions and benchmarks and will include one question related to specific facilities involved.

  d. The Business Enterprise Program staff shall ensure that all candidates are told that resumes and references are not to be submitted during the selection process or brought to the interview.

  e. The interview panel members will submit a written recommendation on the selection of the Racine/Sturtevant operator, with an explanation on the basis of the interview questions, the benchmarks, and the qualifications of the candidates.

  **Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  19. Between June 2012 and March 2013, the DVR worked with the Elected Committee of Blind Vendors to revise the procedures for selecting permanent operators.

  **Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  20. The DWD and the Elected Committee revised its process with the intent to improve the Business Enterprise Program.

  **Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  21. In December of 2012, all Business Enterprise Program licensees, including Taylor, were given an opportunity to review the procedures.

  **Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  22. In March of 2013, the procedures were given final approval and published to all licensees.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. The changes made by the DWD and Elected Committee improved the likelihood that the Business Enterprise Program operators would be as profitable as possible and to ensure the quality of customer service to the vending facilities which would all lead to the improved economic health of the program and vendors.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. The selection procedures for a stand-alone site included a knowledge test, interview, proximity to site, performance review (of which 80% of the points were awarded based on timeliness and other factors of performance, and a total 20% of the points based on past cost of goods sold percentage and net profits prior to commissions and rents). Only 9 points out of a possible 100 points (9%) were based on past sales or net profits.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. On June 18, 2013, the four applicants for the Racine/Sturtevant facilities were invited to interview for the permanent operator award on June 27th.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. On June 26, 2013, Taylor declined to participate in the interview.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph.

27. Using the approved procedures and in compliance with the June of 2012 Greco order, the Racine/Sturtevant site was awarded to one of the operators who chose to interview, Joelyn Belsha.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. On May 6, 2013, the DWD was notified by the USDOE that Taylor had filed a complaint. The USDOE forwarded the complaint to the Wisconsin DVR on June 5, 2013.

**Answer**: Defendant admits the allegations in this paragraph.

29. In October of 2013, Taylor amended her complaint with the USDOE.

**Answer**: Defendant admits the allegations in this paragraph.

30. On July 23, 2015, after requesting and receiving responses from DWD and Taylor, the USDOE ordered the convening of an arbitration panel.

**Answer**: Defendant admits the allegations in this paragraph.

31. The arbitration hearing was held on September 26, 2017.

**Answer**: Defendant admits the allegations in this paragraph.

32. The arbitration panel was composed of Dennis McGilligan, sitting as the Chair, Joe Cordova, and Charlene Dwyer.

**Answer**: Defendant admits the allegations in this paragraph.

33. On January 10, 2018, McGilligan signed what would become the majority decision. Cordova concurred with McGilligan's decision on February 1, 2018. On

February 5, 2018, Dwyer signed her separate dissent from the panel's decision. A true and correct copy of the arbitration decision and award is attached to this petition as Exhibit 1.

**Answer**: Defendant admits the allegations in this paragraph.

34. The panel majority concluded that the DWD acted in an "arbitrary, capricious, and biased manner when it violated the Randolph-Sheppard Act, implementing regulations and state rules and regulations by failing to follow its rules, policies, procedures and regulations for selection of a permanent operator for the [Racine/Sturtevant] business site in 2011 and 2013." (*See* Exhibit 1 at p. 10.)

**Answer**: The allegations in this paragraph represent Petitioner's characterization of the arbitration proceeding to which no response is required. Insofar as an answer is required, the Defendant denies the allegations and refers the Court to the arbitration proceeding order for a complete and accurate statement of its contents.

35. The panel majority further concluded that DWD "violated the Randolph-Sheppard Act, implementing regulations and state rules, regulations, policies and procedures by acting in an arbitrary, capricious and biased manner toward Theresa Taylor during the aforesaid selection processes and/or by failing to place Taylor as permanent operator for the [Racine/Sturtevant] business site in 2011 and 2013." (*See* Exhibit 1 at p. 10.)

**Answer**: The allegations in this paragraph represent Petitioner's characterization of the arbitration proceeding to which no response is required. Insofar as an answer is required, the Defendant denies the allegations and refers the Court to the arbitration

proceeding order for a complete and accurate statement of its contents.

    36.    The panel majority issued the following award:

       a. The DWD acted in an "arbitrary, capricious, and biased manner by failing to follow its rules, regulations, policies, and procedures when it selected a permanent operator for the [Racine/Sturtevant] business site and/or by failing to place Taylor as permanent operator for the [Racine/Sturtevant] thereby violating the Randolph-Sheppard Act, implementing regulations, state rules, regulations, policies, and procedures.

       b. The DWD "shall place Theresa Taylor as the permanent operator at [Racine/Sturtevant] within thirty (30) days of the date of entry/issuance of this Award, with DVR providing her with an operating agreement and a copy of the permit/agreement between the agency and DVR. The [DWD] shall also provide to Taylor all necessary support/assistance to be successful in managing [Racine/Sturtevant] as it would to any other permanent operator in the [Business Enterprise Program]."

       c. "The [DWD] shall pay compensatory damages to Theresa Taylor as the rate of $105.38 per day from the date Joelyn Belsha was installed at [Racine/Sturtevant] to the date Taylor is installed as the permanent operator at [Racine/Sturtevant]."

       d. "The [DWD] shall pay all of Theresa Taylor's legal fees and costs which so far amount to $18,357.88, along with ALL other reasonable legal fees and costs incurred in bringing about the implementation of the remedy ordered herein." (Emphasis in original).

       e. "The [DWD] shall immediately modify its procedures for selecting operators to include the following notice to all parties:

          (a)When a final decision is issued by the Division Administrator following a Full Evidentiary Hearing panel appeal review, the decision correspondence shall contain the next step appeal process as outlined in DWD 60.05(4) as follows:

             (4) If the aggrieved party continues to be dissatisfied with the decision under sub (3), the individual may, within 30 working days after the date of the notification of the fair hearing outcome, file a complaint with the secretary of the

> USDOE who will convene an ad hoc arbitration panel to make a final and binding decision on the parties. (See 34 CFR 395.13)
>
> (b) Following the findings and recommendations of a FEH panel, the remediation steps, if any, contained in a DVR/SLA final decision shall be implemented in a timely manner."

    f. "The arbitration panel shall retain remedial jurisdiction for at least sixty (60) days to resolve any issues arising over the application or interpretation of the remedy and it shall automatically extend its remedial jurisdiction if necessary." (Exhibit 1000 at pp. 29-30.)

**Answer**: The allegations in this paragraph represent Petitioner's characterization of the arbitration proceeding to which no response is required. Insofar as an answer is required, the Defendant denies the allegations and refers the Court to the arbitration proceeding order for a complete and accurate statement of its contents.

    37.    The USDOE ad hoc arbitration panel's decision did not specify that the ad hoc arbitration panel decision was a final agency action, did not contain an explanation of the parties' rights to judicial review, and did not contain instructions on how to commence judicial review.

**Answer**: The allegations in this paragraph represent Petitioner's characterization of the arbitration proceeding to which no response is required. Insofar as an answer is required, the Defendant denies the allegations and refers the Court to the arbitration proceeding order for a complete and accurate statement of its contents.

    38.    DWD has exhausted administrative remedies in this matter and this Court has jurisdiction and venue for judicial review pursuant to 28 U.S.C. § 1331, and 5 U.S.C. §§ 702 & 703.

**Answer**: The allegations in this paragraph contain conclusions of law to which no response is required. Insofar as an answer is required, Defendant denies the allegations in this paragraph.

## COUNT 1

39. The Petitioner hereby re-alleges and incorporates by reference all of the above listed paragraphs.

**Answer**: Defendant incorporates its responses to paragraphs 1-38.

40. The USDOE ad hoc arbitration panel's decision should be held unlawful and vacated by the Court on the grounds that, within the meaning of 5 U.S.C. § 706(2)(A) & (C), it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**Answer**: The allegations in this paragraph contain conclusions of law to which no response is required. Insofar as an answer is required, Defendant denies the allegations in this paragraph.

## COUNT 2

41. The Petitioner hereby re-alleges and incorporates by reference all of the above listed paragraphs.

**Answer**: Defendant incorporates its responses to paragraphs 1-40.

42. The USDOE ad hoc arbitration panel, within the meaning of 5 U.S.C. § 706(2)(B), acted contrary to constitutional right, power, privilege or immunity in that the Eleventh Amendment of the United States Constitution precludes the award of monetary damages against DWD, an agency of the State of Wisconsin government. *See*

*Wisconsin Department of Workforce Development v. United States Department of Education*, 667 F.Supp.2d 1007 (W.D. Wis. 2009).

**Answer**: The allegations in this paragraph contain conclusions of law to which no response is required. Insofar as an answer is required, Defendant denies the allegations in this paragraph.

## COUNT 3

43. The Petitioner hereby re-alleges and incorporates by reference all of the above listed paragraphs.

**Answer**: Defendant incorporates its responses to paragraphs 1-42.

44. The USDOE ad hoc arbitration panel's decision should be held unlawful and vacated by the Court on the grounds that, within the meaning of 5 U.S.C. § 706(2)(E), it is unsupported by substantial evidence.

**Answer**: The allegations in this paragraph contain conclusions of law to which no response is required. Insofar as an answer is required, Defendant denies the allegations in this paragraph.

## PETITIONER'S RELIEF REQUESTED

This section of the Complaint/Petition constitutes a prayer for relief to which no response is required. Insofar as an answer is required, Defendant denies that Petitioner is entitled to any of the relief sought.

## DENIAL OF OTHER ALLEGATIONS

Any other allegations not specifically admitted or denied, are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has waived any issue or argument not raised to the arbitration panel.

3. Defendant is not the real party in interest in this dispute between Plaintiff and Defendant, Theresa Taylor. Defendant is a nominal defendant only in this matter.

Dated this 5th day of July, 2018.

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By:

*s/Antonio M. Trillo*
ANTONIO M. TRILLO
Assistant United States Attorney
222 West Washington Ave, Suite 700
Madison, Wisconsin 53703
Telephone: 608/264-5158
Facsimile: 608/264-5724
TTY 608/264-5006
antonio.trillo@usdoj.gov